**FONDREN SOUTHWEST BANK,**
**Appellant,**

v.

**MARATHON LeTOURNEAU**
**COMPANY, Appellee.**

**No. A2324.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 19, 1980.

Rehearing Denied April 9, 1980.

William A. Sherwood, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Rhett G. Campbell, Kenneth M. Morris, Morris & Campbell, Jerry B. Mabry, Tita, Phillips, Jensen & Gentry, Houston, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

This lawsuit involves the determination of priority to an asset of a common debtor of the parties. Reneau International, Inc. owed the debtor, Southwest Metal Specialties, Inc. $6,433.68 and has paid this amount into the registry of the trial court pending the outcome of this case. Marathon LeTourneau Company, appellee herein, claims the $6,433.68 by reason of its judgment of August 17, 1977 against Southwest Metals and its application for writ of garnishment filed April 7, 1978. Fondren Southwest Bank, appellant, claims the asset by reason of a security agreement dated September 15, 1975 granting the bank a security interest in all of Southwest Metal's receivables and a financing statement filed with the Secretary of State on May 3, 1976. Trial was to the court. The court below ruled in favor of Marathon LeTourneau. The bank here urges that the judgment was erroneous in that the court refused to admit into evidence the security agreement, and, additionally, that the judgment was contrary to the great weight and preponderance of the evidence. We affirm.

Michael E. Skowronek, vice-president of the Fondren Southwest Bank, identified the security agreement and the signature thereon of Charles Woolman, president of Southwest Metals. Appellee objected that the agreement was hearsay, and elicited from Skowronek the admission that he had not been employed by the bank at the date the agreement had been signed and therefore "would not know of the circumstances surrounding [its] signing."

338

■ Appellant is correct in its contention that the trial court's refusal to admit this document was error. The security agreement is an operative fact. "The utterance or writing of the words is itself the fact to be proved, and if evidence of such utterance or writing be given by one who testifies to it as a matter of personal knowledge, it is obviously not hearsay." 1 McCormick & Ray, Texas Law of Evidence § 795 at p. 585 (2d ed. 1956). The court had Skowronek's testimony that he recognized Woolman's signature. It also admitted into evidence the financing statement filed with the Secretary of State which contained Woolman's signature. No more should have been necessary to admission of the document in the absence of a denial that Woolman had executed it on behalf of the corporation.

■ Nevertheless, as will be demonstrated, the failure to admit the security agreement was harmless error. Involved here is a conflict between a secured party and a "lien creditor". "A 'lien creditor' means a creditor who has acquired a lien on the property involved by attachment, levy or the like . . .." § 9.301(c) Tex.Bus. & Comm.Code Ann. (Vernon Supp.1980). A security interest of the type here involved to be enforceable must attach, § 9.303(a) Tex.Bus. & Comm.Code Ann. (Vernon Supp. 1980), and be perfected by filing with the Secretary of State, § 9.302(a) Tex.Bus. & Comm.Code Ann. (Vernon Supp.1980). A security interest does not attach until it has been signed, *value has been given*, and the debtor has rights in the collateral. § 9.203(a) Tex.Bus. & Comm.Code Ann. (Vernon Supp.1980).

■ The only evidence adduced by appellant relative to having given value for the security interest in Southwest Metal's accounts receivable is contained in the following excerpt from Skowronek's testimony:

Q. Okay. What is the nature of your familiarity with Southwest Metals?

A. Southwest Metals, they are currently in debt to the bank. And have been in debt since 1974. And I would say we have an outstanding debt right now from the company.

Q. To your knowledge, has Southwest Metals been indebted to the bank continuously since 1974?

A. Yes.

It can readily be seen that no amount of the indebtedness has been introduced, and there was a failure to show that whatever debt existed was secured by the accounts receivable of Southwest Metals. In addition, Article 9.301(d), Tex.Bus. & Comm. Code Ann. (Vernon Supp.1980) provides as follows:

A person who becomes a lien creditor while a security interest is perfected takes subject to the security interest only to the extent that it secures advances made before he becomes a lien creditor or within 45 days thereafter or made without knowledge of the lien or pursuant to a commitment entered into without knowledge of the lien.

Fondren Southwest Bank has failed to show that its advances, if any, were made under such circumstances that this section of the Code offers appellee no priority.

Appellant's argument that the judgment was against the great weight and preponderance of the evidence is groundless. Appellee has proved a judgment of $21,756.79 against Southwest Metals; therefore, appellee is entitled to its garnishment, and the judgment of the trial court is affirmed.